**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| DIEGO FLORES GONZALEZ, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 2:26-cv-02555-SHL-tmp |
| CHRISTOPHER BULLOCK, New Orleans Field Office Director of Immigration and Customs Enforcement, Enforcement and Removal Operations, | ) | |
| Respondent. | ) | |

**ORDER DIRECTING SERVICE ON RESPONDENT, STAYING TRANSFER, AND REQUIRING RESPONSE**

On May 14, 2026, Petitioner Diego Flores Gonzalez filed the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.[1]   (ECF No. 1.)  Gonzalez challenges his mandatory detention without bond at the West Tennessee Detention Facility and treatment as an "arriving alien" as violative of the Immigration and Nationality Act and his constitutional rights.  (Id. at PageID 3–6.)  He unlawfully entered the United States in April 2024 as a minor child.  (Id. at PageID 2.)  He was arrested under unknown circumstances on May 4, 2026.  (Id.)

Three days before Gonzalez filed the Petition, the Sixth Circuit issued the opinion in Lopez-Campos v. Raycraft, --- F.4th ---, 2026 WL 1283891 (6th Cir. 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing.  Lopez-Campos, 2026 WL 1283891, at *13.

---

[1] The Petition has been referred to the undersigned pursuant to Administrative Order No. 2026-16 until May 25, 2026.

Upon review of the Petition, it is **ORDERED** as follows:

(1)    Within **five days** of this Order, Gonzalez shall serve one copy each of the Petition and this Order (ECF No. 6) on the United States Attorney for the Western District of Tennessee at the following address:

> Stuart Canale, Assistant United States Attorney
> United States Attorney's Office
> 167 North Main Street
> Suite 800
> Memphis, TN 38103

Additionally, if he has not done so already, Gonzalez shall send the documents listed above to the United States Attorney for the Western District of Tennessee electronically at the following email address: **stuart.canale@usdoj.gov**.  Failure to fully comply with these service requirements may justify dismissal of the Petition.  See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to . . . comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.").

(2)    Within **two days** after Petitioner fully complies with the above requirements, Respondent shall respond to the Petition in writing.  If the basis of Gonzalez's detention is 8 U.S.C. § 1225(b)(2)(A) and Respondent opposes his release, Respondent shall either distinguish this case from Lopez-Campos v. Raycraft, --- F.4th ---, 2026 WL 1283891 (6th Cir. 2026), or state why Lopez-Campos otherwise does not apply.  If no such showing is made, Respondent shall state whether he consents to the issuance of the writ.

(3)    Petitioner may file a reply within **two business days** after Respondent's responsive filing.

(4)    Respondent shall not transfer Petitioner out of the West Tennessee Detention Facility during the pendency of the Petition.

2

**IT IS SO ORDERED,** this 18th day of May, 2026.

<div style="margin-left:50%">

s/  Tu M. Pham
TU M. PHAM
CHIEF UNITED STATES MAGISTRATE JUDGE

</div>