**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| DIEGO FLORES GONZALEZ, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 2:26-cv-02555-SHL-tmp |
| CHRISTOPHER BULLOCK, New Orleans Field Office Director of Immigration and Customs Enforcement, Enforcement and Removal Operations, | ) | |
| Respondent. | ) | |

## ORDER GRANTING PETITION

Before the Court is Petitioner Diego Flores Gonzalez's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, filed May 14, 2026.  (ECF No. 1.)  Petitioner challenges his continued immigration-related detention in the West Tennessee Detention Facility without a bond hearing as violative of his Fifth Amendment rights and the Immigration and Nationality Act ("INA"), and seeks immediate release from Respondent's custody.  (Id. at PageID 3–6.)  Respondent Christopher Bullock filed his response on May 26, conceding that the Sixth Circuit's holding in Lopez-Campos v. Raycraft, --- F.4th ---, 2026 WL 1283891 (6th Cir. May 11, 2026), "controls the outcome of this matter."  (ECF No. 8 at PageID 16.)  For the reasons stated below, the Petition is **GRANTED**.

## BACKGROUND

Flores Gonzalez is an eighteen-year-old citizen of an unknown country who unlawfully entered the United States in April 2024 at age sixteen.  (ECF No. 10 at PageID 27.)  He has no criminal record and has lived in the interior United States since entry.  (Id.)  Petitioner attends church in Memphis and works for Pace Concrete and Construction Company.  (Id.)  On May 4,

2026, he was arrested by Immigration and Customs Enforcement ("ICE") under unknown circumstances and charged with being a noncitizen unlawfully present in the United States under the INA.  He has been in Respondent's custody at the West Tennessee Detention Facility since, and has not received a bond hearing.  He challenges his continued custody at the Facility as a violation of the INA and his Fifth Amendment due process rights.  (See ECF No. 1 at PageID 3–6.)

## ANALYSIS

Petitioner challenges his mandatory detention at the West Tennessee Detention Facility and seeks immediate release from Respondent's custody.  (ECF No. 10 at PageID 27–28.)  He argues that Respondent unlawfully purported to detain him under 8 U.S.C. § 1225, and that he was denied a bond hearing in violation of his due process right to such a hearing under 8 U.S.C. § 1226.  (Id. at PageID 24, 28.)

Respondent concedes that the Sixth Circuit's holding in Lopez-Campos, 2026 WL 1283891, "controls the outcome of this matter."  (ECF No. 8 at PageID 16.)  That decision held "that 8 U.S.C. § 1225(b)(2)(A)'s mandatory detention scheme does not apply to 'applicants for admission' who are not actively 'seeking admission.'"  (Id. (citing Lopez-Campos, 2026 WL 1283891, at *11).)

Nonetheless, Respondent maintains that "the Court should require Petitioner to exhaust his administrative remedies" before granting relief.  (Id. at PageID 17.)  However, as the Court has ruled in recent immigration habeas petitions, e.g., Lopez Soza v. U.S. Dep't of Homeland Sec., No. 26-CV-02224, 2026 WL 1104329, at *3 (W.D. Tenn. Apr. 23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**.  The legal questions presented by the Petition are fit for prompt resolution, and exhaustion would be futile because Petitioner cannot

seek meaningful and timely administrative relief.  McCarthy v. Madigan, 503 U.S. 140, 144 (1992) (explaining that where a statute is silent as to exhaustion, requiring exhaustion is within a court's discretion); Contreras-Lomeli v. Raycraft, No. 25-cv-12826, 2025 WL 2976739, at *3 (E.D. Mich. Oct. 21, 2025) ("Bond denial appeals 'typically take six months or more to be resolved at the BIA.'" (citation omitted)).

Respondent further contends that, "[i]n accordance with the remedy affirmed in Lopez-Campos, the Court should order that Petitioner be provided a custody redetermination hearing within 10 days, and if that does not occur, Petitioner should be released from custody."  (ECF No. 8 at PageID 17–18.)  However, Petitioner "rightfully state[s] that [he has] a liberty interest to be free from detention."  Lopez-Campos, 2026 WL 1283891, at *13.  ICE's decision to detain him without a bond hearing violated that liberty interest, which cannot be casually tossed aside.  Thus, he is entitled to immediate release.  See Villafranca Lara v. Ladwig, No. 26-CV-02079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) ("Because ICE purported to detain [Petitioner] under § 1225(b)(2)(A), which includes no provision for a bond hearing, the Court will not now order a bond hearing under § 1226(a).").

Therefore, consistent with Lopez-Campos and this Court's decision in Villafranca Lara, 2026 WL 401204, and after consideration of the record, the Petition is **GRANTED**.

**CONCLUSION**

For the reasons stated above, the Petition is **GRANTED**.  Respondent is **ORDERED** to release Petitioner immediately.  Respondent is **ENJOINED** from pursuing Petitioner's detention under 8 U.S.C. § 1225(b)(2)(A).  Respondent is further **ORDERED** to file a Status Report with this Court within **two business days**, to certify compliance with this Order.

3

**IT IS SO ORDERED,** this 1st day of June, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE